## Sterling *versus* Stewart.

1. Stewart lent to Sterling and Cooper $250 each and took their joint note for $500. Sterling was liable for half the note as principal and half as surety.

2. Stewart told Sterling that if he would pay half the note he would give him a receipt in full for his half ;—Sterling paid the half and the receipt was given.  *Held*, that this did not release him from the other half.

November 18th 1873.  Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Greene county :* Of October and November Term 1873, No. 87.

This was an action of debt, brought by A. P. Stewart against Abraham Sterling and J. C. Cooper.  Sterling only appeared and pleaded.

The cause of action was the following note, which the plaintiff gave in evidence and rested :—

[Sterling *v.* Stewart.]

" One day after date with seven per cent. interest we or either of us promise to pay to the order of A. P. Stewart the sum of Five Hundred Dollars. For value received as witness our hands and seals Nov. 9, 1866.

" Signed,          J. C. COOPER.          [SEAL.]
                   ABRAHAM STERLING.     [SEAL.] "

There was evidence for the defendant that when the money for which this note was given was borrowed, it was understood by all the parties that Cooper was borrowing $250 and Sterling $250, and that they were to be individually bound each for $250 and no more. Cooper went first to Mr. Stewart and drew the money and signed his name to the note as drawn up by Stewart. A few days after this, Sterling went to Stewart and told him he had come to give his note for the $250 he had borrowed; that Stewart produced the note which he had drawn up and which Cooper had signed, but Sterling, seeing it was a joint note, refused to sign it, telling Stewart that he and Cooper were each liable for the one-half of the money and no more, and saying that he did not want to enter into a note that would bind him for more than the amount borrowed by him. He refused to sign the note until Stewart assured him that he intended to hold each of them only in that way, and promised to give him a receipt in full of his share and in discharge of his liability of the note, when he had paid the one-half of it. Sterling afterwards paid one-half of the note and interest, and Stewart gave him a receipt; that it was " in full of his share of the note ;" that Stewart on several occasions told the defendant, in presence of other parties, and told other parties, that he only held him for the one-half of the note; that Sterling told Stewart, at the time he paid his half of the note, and at other times, that he had better make the other half of the note from Cooper, to which Stewart replied that he would take Cooper for it, and that he, Sterling, need not trouble himself about it.

In rebuttal Stewart testified that he had given Mr. Sterling a receipt, but that it was in other words than those testified to by the defendant's witnesses, and also denied having entered into any agreement to release Sterling.

The defendant submitted these points :—

1. If the jury believe that Stewart, immediately before and at the time of signing the note, told Sterling that if he would sign the note he would not hold him for more than the one-half of it, and that in pursuance of this promise he signed the note, it is a fraud to seek to recover the whole of this note from Sterling, and Sterling having paid the one-half of the note before this suit, the plaintiff is entitled to recover.

2. If the jury believe that Stewart told Sterling that if he could pay his half of the note that he (Stewart) would give him a receipt

[Sterling *v.* Stewart.]

in full for his half of the note, and that Sterling then paid him the one-half the note and interest, and Stewart gave him a receipt therefor, in which he stated " that it was in full for his half of the note given by Cooper and Sterling to A. P. Stewart," the plaintiff is not entitled to recover.

The court (Gilmore, P. J.) answered:—

" The first point is correct, and if you have evidence sufficient to satisfy you that the note was signed under the circumstances detailed in the point, the plaintiff cannot recover.

" Second point refused."

The verdict was for the plaintiff for $347.50.

The defendant took a writ of error, and assigned for error the answer to his second point.

*Downey & Son,* for plaintiff in error.

*Wyly & Buchanan,* for defendant in error.

The opinion of the court was delivered, March 2d 1874, by

WILLIAMS, J.—The plaintiff below—the defendant in error—lent to Cooper & Sterling $500—$250 to each—and took from them a joint and several note or obligation, under seal, for the whole amount, payable one day after date, upon which this suit was brought. Under the instructions of the court, the jury found that the defendant, Sterling, did not sign the note, as alleged, in pursuance of a promise on the part of the plaintiff that if he would sign it he would not hold him for more than the half of it. He was therefore clearly liable for one-half of the note as principal debtor, and for the remaining half as the surety of Cooper, his co-promissor. He paid, as is admitted, the one-half of the note, and he insists that he is discharged from his liability for the residue because the plaintiff agreed that if he would pay it, he would give him a receipt in full for his half of the note; and when he paid it, the plaintiff gave him such a receipt. Was this a release or discharge of his liability as surety for the residue of the note? Why should it be, if the plaintiff did not promise or agree to acquit or release him from his liability? No such promise or undertaking is suggested in the point submitted by the defendant, the refusal of which is assigned as error; nor can it be inferred or implied from the facts of which it is predicated. The court was asked to charge " that, if the jury believe that Stewart told Sterling that if he could pay his half of the note that he would give him a receipt in full for his half of the note; and that Sterling then paid him the one-half of the note and interest, and Stewart gave him a receipt therefor, in which he stated 'that it was in full for his half of the note given by Cooper and Sterling to A. P. Stewart,' the plaintiff is not entitled to recover." What, then, did the plaintiff

[Sterling *v.* Stewart.]

promise and what did he do—taking all the facts set out in the point to be true? He agreed that if Sterling "could pay his half of the note that he would give him a receipt in full for his half of the note," and he kept his promise to the letter. There is no suggestion in the point of a promise by the plaintiff to release Sterling, on the payment of his half of the note, from his liability as the surety of Cooper for the remaining half. How, then, can any such promise or undertaking be inferred or implied? A promise without any consideration is void; and the law will not infer or imply a promise if there is no consideration or moral obligation to support it. Here there was neither. The defendant in paying the one-half of the note only discharged the obligation resting upon him as principal debtor; and the plaintiff in receiving it, was under no obligation, legal or moral, to release him from his liability for the residue as the surety of Cooper. The vexed question, whether an express promise or undertaking by the creditor to release the debtor from liability for the whole debt, on payment of a part, is valid and binding; or whether it is to be regarded as a naked promise and void for want of consideration, does not arise here, and therefore it is not necessary to discuss it. It is manifest that the defendant's point is not predicated of an express promise to release him from all liability for the note on the payment of the half thereof, nor can such a promise be inferred from the facts on which it is based. And it is equally clear that the receipt in full for his half of the note is not in itself a release of his liability as surety for the remaining half. There was therefore no error in refusing to charge as requested.

Judgment affirmed.